UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-mj-8133-RMM

UNITED STATES of AMERICA

V.

JAIME CASTANON-BUATISTA,

    Defendant.
_____/



# CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? NO

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? NO

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? NO

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? NO

    Respectfully submitted,

    JASON A. REDING QUIÑONES
    UNITED STATES ATTORNEY

By: _____
    Brian D. Ralston
    Assistant United States Attorney
    Court ID No.: A5502727
    500 S. Australian Avenue, Suite 400
    West Palm Beach, Florida 33401
    Telephone: (561) 820-8711
    Email: Brian.Ralston@usdoj.gov

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 26-mj-8133-RMM |
| JAIME CASTANON-BAUTISTA | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY ___SP___ D.C.
Feb 20, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 15, 2026__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-entry After Removal |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Deportation Officer Luis Camacho, ICE
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Facetime__

Date: 2/20/26

_____
*Judge's signature*

City and state: West Palm Beach, Florida    Ryon M. McCabe, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT
OF
LUIS CAMACHO
UNITED STATES DEPARTMENT OF HOMELAND SECURITY
<u>IMMIGRATION AND CUSTOMS ENFORCEMENT</u>**

I, Luis Camacho, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over ten years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Jaime CASTANON-BAUTISTA committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a).

3. On or about February 15, 2026, Jaime CASTANON-BAUTISTA was arrested in Palm Beach County, Florida for the charge of prohibition against giving false name. He was booked and detained at the Palm Beach County Jail.

4. A review of the immigration records shows that Jaime CASTANON-BAUTISTA is a native and citizen of Guatemala. Records further show that on or about April 13, 2006, Jaime CASTANON-BAUTISTA was ordered removed from the United States. The Order of Removal was executed on or about August 3, 2023, whereby Jaime CASTANON-BAUTISTA was removed from the United States and returned to Guatemala.

5. Jaime CASTANON-BAUTISTA's fingerprints taken in connection with his February 15, 2026, arrest in Palm Beach County were scanned into the IAFIS system. Results confirmed that scanned fingerprints belong to the individual who was previously removed from the United States, that is Jaime CASTANON-BAUTISTA.

6. A record check was performed in the Computer Linked Application Informational Management System to determine if Jaime CASTANON-BAUTISTA filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Jaime CASTANON-BAUTISTA obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

7. Based on the foregoing, I submit that probable cause exists to believe that, on or about February 15, 2026, Jaime CASTANON-BAUTISTA, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Luis Camacho
Deportation Officer
Immigration and Customs Enforcement

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this _20_ day of February 2026.

_____
RYON M. MCCABE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:   JAIME CASTANON-BAUTISTA

**Case No**:   26-mj-8133-RMM

Count #: 1

Illegal Re-entry into the United States After Removal

8 U.S.C. § 1326(a)
* **Max. Term of Imprisonment:** 2 years
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:** 1 year
* **Max. Fine:** $250,000
* **Special Assessment:** $100

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**